NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GEORGE BERNARD PIERSON, *Appellant*.

No. 1 CA-CR 19-0505
FILED 8-4-2020

Appeal from the Superior Court in Maricopa County
No. CR 2012-116919-001
The Honorable Nicole M. Brickner, Judge *Pro Tempore*

**AFFRIMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Appellant George Pierson was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the superior court's verdict. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Having done so, we affirm.

**BACKGROUND**

¶2        In 2013, Pierson pled guilty to one count of kidnapping, a class 2 felony, and two counts of attempted sexual assault, both class 3 felonies. In accordance with the plea agreement, the superior court sentenced Pierson to seven years' imprisonment on the kidnapping charge, suspended imposition of sentencing on the remaining counts, and placed Pierson on lifetime probation.

¶3        In July 2019, the adult probation department ("APD") petitioned to revoke Pierson's probation. As relevant here, APD alleged that Pierson violated multiple conditions of his probation by: (1) repeatedly deviating from his written schedule, (2) possessing sexually stimulating material, (3) using a device with internet access capability, (4) accessing the internet without approval, (5) and failing to comply with GPS monitoring requirements.

¶4        At the probation violation hearing, Pierson's probation officer testified that APD reviewed the terms of probation with Pierson in person and he acknowledged and received a copy of the terms. The probation officer further testified that Pierson: (1) acknowledged deviating from his written schedule and visiting multiple businesses without APD approval in a signed behavior report, and (2) admitted using a smart phone to "watch

YouTube and connect [to] Wi-Fi" after the officer discovered his device. Upon unlocking the phone, the officer found multiple opened windows to pornographic websites. Pierson also testified and stated that he failed to comply with the GPS monitoring requirements because his monitoring device was defective.

¶5  At the conclusion of the hearing, the superior court expressly found Pierson's testimony not credible and determined he violated five conditions of his probation. The court revoked Pierson's probation on one count of attempted sexual assault, imposed a presumptive term of 3.5-years' imprisonment, and reinstated Pierson's lifetime probation on the second count. Pierson timely appealed.

## DISCUSSION

¶6  After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Pierson was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the superior court's finding that Pierson violated the terms of his probation, and the disposition imposed falls within the range permitted by law. The record confirms the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Pierson's constitutional and statutory rights. Therefore, we affirm the superior court's finding that Pierson violated his probation, its imposition of a term of imprisonment, and its disposition continuing him on probation.

¶7  Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Pierson of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Pierson has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

